### BRETT et al. v. MEISTERLING.

#### (Circuit Court, N. D. Iowa, W. D. September 3, 1902.)

1. LAND GRANTS—LOCATION—CONCLUSIVENESS.
   The action of the land department in defining the limits of a grant to a railroad company, pursuant to its duty, on the line of the road being located, and the map showing the location being furnished to it, is final, as between persons claiming land within such limits,—one under the homestead law, the other as purchaser from the road.

2. PURCHASERS IN GOOD FAITH.
   The land department cannot be held, as matter of law, to have erred in holding one an innocent purchaser from a railroad company of land within its grant, so as to be entitled to the protection of Act Cong. March 3, 1887 (24 Stat. 556), though it failed to entitle itself to the land by completing the road; no one having been in possession when he contracted for the land and received his deed from the company.

3. EQUITY—AMENDMENT OF BILL.
   Bill to quiet title to land, presenting merely the question whether there was error of law in the action of the land department in issuing patent to defendant, may not be amended to present the questions of limitations and estoppel; complainant being in possession, and such matters being available as defenses, in any action defendant may bring for possession, where they can be better heard and disposed of.

In Equity.

Cory & Everett, for complainants.
W. P. Jewett and M. H. Allen, for defendant.

SHIRAS, District Judge. This suit is brought to settle the conflicting claims of the parties to the N. E. ¼ of section 15 in township

98 N. of range 38 W. of the fifth P. M., situated in Dickinson county, Iowa; the plaintiffs basing their right upon a homestead claim and the occupancy of the land, and the defendant upon a purchase from the Sioux City & St. Paul Railroad Company, and a deed of conveyance executed in pursuance of the contract of purchase. The case is one arising out of the readjustment of the land grant contained in the act of congress of 1864 in aid of the construction of a line of railway from Sioux City, Iowa, to the Minnesota state line, which line was partly constructed by the Sioux City & St. Paul Railroad Company; but, through the failure of the company to build the line southerly of Le Mars, Iowa, it failed to entitle itself to all the land falling within the terms of the grant, as is shown by the decision of the supreme court in the case of Sioux City & St. P. R. Co. v. U. S., 159 U. S. 349, 16 Sup. Ct. 17, 40 L. Ed. 177, and, the particular land above described not being earned by the company, the title thereto never passed to the railroad company, but the right thereto has become the subject of dispute between the plaintiffs, claiming under the homestead laws of the United States, and the defendant, claiming the protection afforded by the act of congress of 1887 to purchasers in good faith from the railway company. For a full statement of the facts and of the legal questions growing out of the named land grant, reference may be made to the already cited case in 159 U. S. 349, 16 Sup. Ct. 17, 40 L. Ed. 177, to Manley v. Tow (C. C.) 110 Fed. 241, and to Benner v. Lane (C. C.) 116 Fed. 407, in which the opinion of the court has just been filed.

It is claimed on behalf of the plaintiffs that the land in dispute does not fall within the limits of the grant as defined in the act of 1864, and therefore the readjustment act of March 3, 1887, is not applicable. When the line of the proposed railway was located by the railway company, and the map showing the location was furnished to the land department, it became the duty of the department to define the limits of the grant, which was done; and the land in dispute falls within the limits thus defined by the department. In a controversy of this nature this action of the department is final upon the question of the location of the limiting lines of the grant, and cannot be investigated by the court. The rights of the parties are therefore to be determined upon the theory that the land in dispute falls within the limits of the grant of 1864, but, owing to the fact that the railway company has not entitled itself to the land by a performance of the terms of the grant, the same has reverted to the United States.

On behalf of the complainants it is contended that the terms of the grant have not been met by the railway company, for several reasons, in addition to the fact that the entire line of road provided for in the grant was not built. It is not necessary to consider these claims, because the adjustment act of March 3, 1887, is not limited to cases of failure to complete the entire line, for it is declared in section 2 "that if it shall appear, upon completion of such adjustments respectfully, [sic] or sooner, that lands have been, from any cause, heretofore erroneously certified or patented, by the United States, it shall be the duty of the attorney general to commence and prosecute in the proper courts the necessary proceedings," etc. 24 Stat. 556. The

necessary proceedings· have ·been thus taken against the Sioux City & St. Paul Railroad Company under the provisions of the act of 1887, and it has been finally determined, in effect, that the railway company never became entitled to the land in dispute, and that, owing to the failure of the company to earn the land by the completion of its line south of Le Mars, the same has reverted to the United States. Upon this decision being announced, the land department proceeded to dispose of the land, giving all parties claiming an interest therein the opportunity to present their claims. At this hearing the defendant, Meisterling, based his claim upon a purchase from the railway company, and the complainants upon their rights under the homestead laws of the United States. The facts found by the receiver and register of the local land office were, in substance, that John Meisterling in June, 1887, entered into a contract looking to the purchase of the land at the rate of $10.50 per acre, which was completed on the 15th day of August, 1887, by the payment of one-half of the purchase price, receiving from the railway company a warranty deed of the premises, and giving a mortgage to the railway company to secure the payment of the unpaid half of the purchase price; the deed to Meisterling being filed for record in the proper office in Dickinson county on the 19th of August, 1887. With respect to the claim of complainants, it was found that in July, 1890, Jessie C. Brett (then Jessie C. Cummings) bought of one Frederickson his claim and improvements, consisting of the breaking of 100 acres, and a small house and barn, paying him $240 therefor, with the intent to make a homestead entry thereof; that she continued from that time forward to occupy and improve the land for homestead purposes; that in 1895 she married John F. Brett, who since that time has occupied the premises with his wife. As a conclusion of law, the land department held that Meisterling was an innocent purchaser from the railway company, and that under the provisions of the act of 1887 he was entitled to a confirmatory patent, which was duly issued to him. Thereupon the present suit in equity was brought by the complainants, asking a decree to the effect that the department erred in its construction of the act of 1887, and that under the facts of the case the homestead claim of Jessie C. Brett should be given the preference over the claim of the purchaser from the railway company.

Viewing the case solely with respect to the questions passed upon by the land department, no good reason is perceived for holding that error of law was committed by the department· in the ruling that Meisterling, within the terms of the act of 1887, must be deemed to be an innocent purchaser, and therefore entitled to a patent to the land. When he contracted with the railway company, and re÷ceived his deed for the land, no one was in possession thereof; and therefore no facts exist which would justify the court in holding, as a question of law, that there was error in the action of the depart-·ment in issuing a patent to the defendant. The ultimate issue between the contestants is, of course, the matter of the possession of the land. The facts of the controversy present the question of the effect of the state statute of limitations and of estoppel by laches,

it being shown in the evidence that Jessie C. Brett has been in possession of the land for more than 10 years last past.

Since the taking of the evidence upon the issue joined on the bill as originally filed, the complainants have submitted a motion for leave to amend the bill in order to present the questions arising under the statute of limitations and the alleged laches of the defendant. After consideration of the motion, I have concluded to refuse the same. The complainants are in possession of the land, and, if the defendant begins proceedings for dispossessing them the plea of the statute and of estoppel can be presented by the present complainants as a defense thereto, and the issues thus presented can thus be better heard and disposed of than in the present suit.

Treating the bill now before the court as being intended to present solely the question whether there was error of law in the action of the land department in issuing a patent to the defendant, Meisterling, the conclusion reached is that the department did not err, as a matter of law, in so issuing the patent, and thereby vesting in the defendant, Meisterling, the legal title to such land; and, so holding, the bill must be dismissed at cost of complainants, without prejudice to the right of the complainants, or either of them, to rely upon the statute of limitations and estoppel by laches as a defense to any proceedings brought to obtain possession from them of the land in question.